**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF TEXAS**

US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2022 NOV -2 AM 10:58

DEPUTY CLERK____MS_____

Joe Hunsinger
  Plaintiff Pro-Se'

Case No:

V.

3-22CV2445-G

NATURAL POWER SOURCES, LLC. DBA AS SUNTUITY
  Defendants

# COMPLAINT

## 1.0 PARTIES

1.1   Joe Hunsinger is a an individual citizen of Texas and a resident of this District.

1.2   Defendant NATURAL POWER SOURCES, LLC. DBA AS SUNTUITY is a foreign corporation with its principal place of business at 2137 NJ-35, Holmdel, NJ 07733

1.3   Defendant NATURAL POWER SOURCES, LLC. DBA AS SUNTUITY can be served via their registered agent NATURAL POWER SOURCES, LLC. at 2137 Route 35, Holmdel, New Jersey 07733.

## 2.0 JURISDICTION AND VENUE

2.1   This court has personal specific jurisdiction pursuant to 28 USC Section 1331 and 47 USC Section 227.

2.2   Supplemental jurisdiction for Plaintiffs state law claims arise under 28 USC Section 1391(b)(2).

2.3   This Court has personal specific jurisdiction over Defendant because defendant made calls to Plaintiff in this District and Defendant conducts business in the State of Texas.

## 3.0  PRELIMINARY STATEMENT

3.1   This is an action for damages brought by an individual consumer for violations of the TCPA, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive and nuisance telemarketing practices.

3.2   Senator Hollings, the TCPA's sponsor, described these call as "the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of be; they hound us until we want to rip the telephone out of the wall."  Defendant's actions has caused Plaintiff to suffer physical sickness.

3.3   The TCPA regulations define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services."

3.4   If a call is not deemed telemarketing, a Defendant must nevertheless demonstrate that it obtained the Plaintiffs prior express consent according to 47 CFR Section 64.1200(a)(1).

3.5   "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients."

3.6   Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States -
> 
> (A)   to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

3.7   Plaintiff has been harmed by Defendants' acts because his privacy has been violated.  Plaintiff was subject to annoying and harassing telephone calls (texts) that constitute a nuisance.

3.8   Telemarketers must obey the prohibitions in the TCPA.

3.9   Defendant(s) initiate phone calls to obtain new business,  Defendant(s) do not check to see if they number they are calling is registered on the DNC Registry.

3.10   Defendants are telemarketers defined by the TCPA.

3.11   Defendant uses telemarketing to obtain new customers.

3.12   Plaintiff, over 31 days ago, has registered his phone number with the DNC Registry, see 47 CFR Section 64.1200(b)-(d) and the Texas Do Not Call List over 60 days ago..

3.13   Plaintiffs description of an event that happened which created a right of action under the TCPA and exhibits provided are factual support, sufficient for Plaintiff to state a claim.

3.14   Plaintiff wants to use our nations telecommunications infrastructure without harassment.

3.15   Defendant has not obtained a SAN's number from the FTC.

3.16   If Defendant(s) want to avoid a TCPA lawsuit, all they have to do is not break the laws in the TCPA.

## 4.0  VICARIOUS LIABILITY

4.1   At all times relevant the the events giving rise to this lawsuit, Defendant acted through its agents and is therefore liable for such actions pursuant of vicarious liability principles.

4.2   Whenever it is stated herein that Defendant engaged in any act or omission, the statement includes the acts or omissions by Defendant, its agents, its employees, its representatives and others with actual or apparent authority to act on behalf of and bind the Defendant.

4.3   Under the TCPA corporate offers can be held liable under the laws of the TCPA.

## 5.0  QUESTIONS OF LAW

5.1   There are well defined and nearly identical questions of law and fact that affect all parties.  Such common questions of law and fact include, but are not limited to, the following:

5.2   Whether Defendant(s) placed such telephone calls to the Plaintiff;

5.3   Whether Defendant(s) TCPA violations and conduct was knowing and/or willful:

5.4   Whether Defendant(s) can meet their burden of showing that they clearly and unmistakably obtained "prior express consent" to make such calls/texts to the Plaintiff;

5.5   Whether Defendant(s) are liable for damages to the Plaintiff, as well as the amount to of such damages;

5.6   Whether Defendant(s) identified themselves to the Plaintiff or if their agents identified the entity on whose behalf the call/text was being made;

5.7   Whether Defendant(s) sent Plaintiff their DNC policy when it was requested;

5.8   Whether Defendant(s) uses telemarketing to obtain new customers;

# 6.0 FACTUAL ALLEGATIONS
# NATURAL POWER SOURCES, LLC. DBA SUNTUITY

6.1   Defendants have initiated **one** phone call from phone number 214-220-8999 to Plaintiffs phone number ending in 2367 on 4-20-2021 at 12:41 PM.

6.2   The call was an ATDS.  It took a couple of seconds for the telemarketer to come on line and there was a bloop sound.

6.3   The caller identified herself as Green something.  The caller of 214-220-8999 was asking for some other person and Plaintiff told her the number she called has been his for a couple of months now.  Despite this, the caller began soliciting solar panes for his home.

6.4   Not knowing her company's true identity, Plaintiff entertained her sales pitch to find out her company true identity.  Later on in the call she transferred Plaintiff to someone else, Donaldson or something.

6.5   Defendant sent Plaintiff **one** text identifying the true company name of Suntuity from 732-945-8505.

6.6   Plaintiff responded back to Defendants text instructing them not to call him again and to send him a copy of their DNC Policy.  Plaintiff also called the 214-461-1157 number but it was a non working number.

6.7   Defendant did not send Plaintiff a copy of their DNC Policy.

6.8   Plaintiff sent Defendant a DTPA Demand Letter.  Plaintiff received a call from Joseph Kairalla and spoke numerous times with him.  He told Plaintiff he was given the demand letter by Suntuity and told to take care of it.

6.9  Plaintiff and Joseph Kairalla went back and forth with emails, negotiating and attempting to settle this matter. Mr. Kairalla's email is joe@solarmediateam.com.

6.10  In the end, Plaintiff did not accept Defendant's demand of confidentiality.

6.11  Defendant and its affiliates sell, lease, and install electricity from residential solar photovoltaic systems.

## 7.0  FACTUAL ALLEGATIONS
## CONTINUED

7.01  Plaintiff is the subscriber of phone number ending in **2367** and is financially responsible for phone service to said number.

7.02  Plaintiff's phone number ending in **2367** is primarily used for personal, family, and household use.

7.03  Plaintiff, at no time, gave Defendant his "prior express consent" or "express consent" to be contacted by calls he is complaining about.

7.04  The calls placed by the Defendant was not necessitated by an emergency purposes as defined by 47 USC Section 227(b)(1)(A).

7.05  Defendants commercial telemarketing calls were transmitted to Plaintiffs cellular telephone, and within the time frame relevant to this action.

7.06  Plaintiff is not a customer of Defendant and has not provided defendant with his personal information or telephone number, or sought out solicitation from the Defendant or their agents.

7.07  Plaintiff does not have and has never had an established business or personal relationship with the Defendants.

7.08  The calls received by the Plaintiff from the Defendant or their agent was for the purpose of encouraging the purchase of rental of, or investment in, property, goods, or services.  The call therefor qualifies as telemarketing.

7.09  The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations."  See in re Rules & Regulations Implementing the TCPA, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Red 12391, 12397 (Paragraph 13)(1995).

7.10  Defendant is not a tax-exempt non profit organization.

7.11 Defendants were legally responsible for ensuring that their vendors complied with the TCPA, even if Defendants did not themselves make the calls.

7.12  Defendant were legally responsible for ensuring that their vendors complied with the TCPA, even if Defendants did not themselves make the calls.

7.13  Defendants used an ATDS that has the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator.

7.14  Defendant hires and authorizes and approves third party telemarketers to make illegal, unauthorized phone calls to solicit their services.

7.15  Defendant authorizes the payments to the telemarketers out of bank accounts they own and control.

7.16   Defendant provides instruction and guidance on who to solicit and the minimum qualifications of potential clients.

7.17   Defendant has full control over their telemarketers who solicit on their behalf and has the authority to stop the illegal phone calls that violate the TCPA.

7.18   Defendant receives a financial benefit from violating the TCPA.

7.19   As a result of Defendant illegal conduct, Plaintiff is entitled to $500 in damages for each such violation of the TCPA.  This is for each and every violation, whether Defendants committed multiple violations with a single phone call.

7.20   Plaintiff has submitted his complaints to the FTC, Texas Attorney General, and the Texas PUC.  If PUC does not take legal action against defendant in 121 days, under Section 304.257(a)(3), Plaintiff will have the private right of action to demand $500 per violation under Section 304.052 committed by the Defendant.

## **8.0 STANDING**

8.01   Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state: (a) a valid injury in fact; (b) which is traceable to the conduct of Defendant; and (c) is likely to be redressed by a favorable judicial decision.

8.02   Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution.

8.03   Plaintiff, under his 14 Amendment rights, has right to bring this action to be heard in front of a jury.

8.04   Because all standing requirements of Article III of the US Constitution have been met, Plaintiff has standing to sue Defendant on the stated claims.

## **COUNT 1**

11.01   Plaintiff re-alleges and incorporates the above paragraphs.

11.02   Defendant violated 47 USC Section 227(b)(1)(A)(iii) by placing **two** (non emergency) <u>solicitation calls/texts</u> to the Plaintiff.

11.03  Defendant must pay Plaintiff damages for each text placed to Plaintiff pursuant to 227(b)(3) in an amount up to $1500 per violation.

## COUNT 2

12.01   Plaintiff re-alleges and incorporates the above paragraphs.

12.02   Defendant transmitted **two** solicitation calls/texts to Plaintiffs cellular phone number, which was registered on the Do Not Call registry, violating 47 CFR Section 64.1200(c)(2) and CFR 64.1200(a)(1).

12.03   Defendant must pay Plaintiff damages for each text placed to Plaintiff pursuant to 227(b)(3) in an amount up to $1500 per violation.

## COUNT 3

13.01   Plaintiff re-alleges and incorporates the above paragraphs.

13.02  Defendant initiated calls/texts to the Plaintiff, despite the fact that Plaintiffs phone number is listed on the DNC Registry and list.  Defendant failed to train their employees about the TCPA, failed to identify their company, and does not have polices and written procedures in place that must meet the standards of:

CFR 64.1200(d)(2)
CFR 64.1200(d)(4)
CFR 64.1200(d)(6)

13.03   Defendant must pay Plaintiff treble damages $1500 (total) for the above violations.

## COUNT 4

14.01  Plaintiff re-alleges and incorporates the above paragraphs.

14.02   Defendant made calls to Plaintiffs phone ending in **2367** intentionally or knowingly and the calls were not accidental.

14.03   Defendant violated 227(b), 227(c), and 227(d).

14.03   Pursuant to TBCC Section 305.053, Plaintiff sues here for treble monetary damages as stated in Counts 1 and 2.

## COUNT 5

15.01   Plaintiff re-alleges and incorporates the above paragraphs.

15.02   Defendant has made one call to Plaintiff without obtaining a telephone solicitation license as required under 302.101.

15.03   Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs and deposition expenses,

15.04   Defendant must pay Plaintiff $5000.

## TRIAL BY JURY

20.01   Plaintiff demands a trial by jury under the 7th Amendment of the US Constitution.

## CONCLUSION

Plaintiff requests everything he has asked for in his Complaint and other relief as the Court deems necessary.

_____
Joe Hunsinger – Pro se
7216 CF Hawn Frwy.
Dallas, Texas 75217
214-682-7677
joe75217@gmail.com



+12144611157

TODAY

Incoming call
Feb 22, 12:30 PM          11min 53sec

Call                              Message

EXHIBIT A
PAGE 1

Case 3:22-cv-02445-G-BT   Document 3   Filed 11/02/22   Page 12 of 18   PageID 16

**(732) 945-8505**

Feb 22, 12:52 PM

Conversation with (732) 945-8505

> Hi, Joe, this is Anthony from Suntuity! Please send a picture of your electric bill containing the bar graph section of your TXU Energy bill. If you have any questions feel free to text me here or call me at 855-786-8848.
>
> Feb 22, 12:52PM

Do not call me again. Send me a

Send message

EXHIBIT A
PAGE 2

**(732) 945-8505**

Hi, Joe, this is Anthony from Suntuity! Please send a picture of your electric bill containing the bar graph section of your TXU Energy bill. If you have any questions feel free to text me here or call me at 855-786-8848.

Feb 22, 12:52PM

Do not call me again. Send me a cooy of your Do Not Call Policy. 2-22-2022.

Feb 22, 2:30PM

Send message

EXHIBIT A
PAGE 3

4-4-2020

From:
Joe Hunsinger
7216 CF Hawn Frwy.
Dallas, Texas 75217
214-229-2367
Joe75217@gmail.com

To:
NATURAL POWER SOURCES, LLC.
DBA SUNTUITY
2137 ROUTE 35 N
HOLMDEL, NEW JERSEY 07733

Re:  TCPA Violations      Calls from:    214-461-1157
                                         856-214-8281
                          Texts from:    732-945-8505

Dear NATURAL POWER SOURCES, LLC. DBA SUNTUITY,
My phone number is registered on the Do Not Call list. The Calls I received are a direct violation of USC 227, CFR 64.1200, and TBCC 302.301.

There is no prior business relationship between myself and you, and I never gave consent to be called/texted. I did not give you written consent to contact me via calls/texts. If you claim to have consent to contact me – prove to me there is a definite record on file of the consent event that complies with the definitions of consent with the TCPA.

This letter of intent to sue shall serve as a formal notice to you that Joe Hunsinger intends to commence a lawsuit against you for TCPA violations and seeks to treble his statutory damages under USC 227(b)(3) due to the following:



EXHIBIT B
PAGE 1

| | |
|---|---|
| USC 227(b) | $500 for using an ATDS or Computer Voice |
| USC 227(c) | $500 for 3 call |
| USC 227(e) | $1500 for spoofing your phone number |
| CFR 64.1200(d)(1) | $500 for not sending my your DNC Policy |
| CFR 64.1200(d)(4) | $500 for failing to identify |
| CFR 64.1200(d)(6) | $500 for 1 calls placed after my DNC request |
| TBCC 302.301 | $5000 for engaging repetitive telephone solicitation of myself without obtaining a registration certificate from the Office of the Secretary of State of Texas. (See TBCC 302.302) |

The TCPA establishes a private right of action for telephone subscribers who receive such unwanted calls/texts. See TCPA Section 227(b)(3). The TCPA provides a private right of action and seek damages of $500 per call/text and treble damages if it is found by the court or jury that the sender's illegal actions were "Willful".

I am a consumer as defined by the TBCC. You violated TBCC Section 17.46(b)(2) and 17.46(b)(3) by initiating telemarketing calls to my phone number, not identifying yourself as the TCPA mandates all telemarketers must do when initiating calls, and continued calls placed to me after I requested you to place my number on your internal DNC list.

I am confidant that I can demonstrate that the calls and texts messages you sent me were willfully committed against the statutory laws of the TCPA and the DNC list. I have article III standing suffered through the unwanted and unsolicited telemarketing texts on my number (which is listed on the DNC list), suffered physical sickness and your calls physically invaded my privacy and usruped my right to peacefully enjoy my private property, and depleted my cell phone battery. So, even if you sent me one call/text message or more, even if they did not qualify as a TCPA violation, I still would have Article III standing and several federal courts in Texas have addressed the same argument and held that an allegation where one has had to endure the nuisance of unwanted calls satisfies the injury-in-fact requirement for a TCPA claim – especially at the pleading stage. Discovery will expose the truth from the allegations I assert.

EXHIBIT B

PAGE 2

My intentions are to file in Federal court as a pro-se. If a lawsuit is filed, I will I will demand treble damages for <u>each</u> violation of the TCPA for your wilful unlawful actions, found in my favor in a court of law.

In the event you would prefer to resolve this matter without court fines and attorney's fees, you may remit the sum of **$9,000** and with the condition that my DNC request remain entered in your company's system and agree not to violate the TCPA again agianst myself. This will cover the above mentioned statutory violations, physical sickness, and other monetary damage I would be entitled to in a civil action against you.

**My Total Demand is for $9,000.**

The DTPA requires that I send a pre-suit settlement demand before filing a lawsuit. If I do not receive a response to my demand within sixty (60) days from receipt of this settlement offer I will move forward by pursuing this matter in a court of law in an attempt to treble my Total Demand. If you dispute any of these claims asserted herein, please contact me at the address or email listed above.

Sincerely,

_[signature]_
Joe Hunsinger

USPS # 7014 2120 0000 8774 8221

EXHIBIT B
PAGE 3

NEW JERSEY DEPARTMENT OF THE TREASURY
DIVISION OF REVENUE AND ENTERPRISE SERVICES

CERTIFICATE OF FORMATION

**SUNTUITY SOURCING LLC**
0450103574

The above-named DOMESTIC LIMITED LIABILITY COMPANY was duly filed in accordance with New Jersey State Law on 09/09/2016 and was assigned identification number 0450103574. Following are the articles that constitute its original certificate.

1. **Name:**
   SUNTUITY SOURCING LLC

2. **Registered Agent:**
   NATURAL POWER SOURCES LLC DBA SUNTUITY

3. **Registered Office:**
   2137 ROUTE 35
   HOLMDEL, NEW JERSEY 07733

4. **Business Purpose:**
   SOURCING, PROCUREMENT AND DISTRIBUTION OF ENERGY PRODUCTS AND COMPONENTS

5. **Effective Date of this Filing is:**
   09/09/2016

6. **Members/Managers:**
   NATURAL POWER SOURCES LLC DBA SUNTUITY
   2137 ROUTE 35
   HOLMDEL, NEW JERSEY 07733

7. **Main Business Address:**
   2137 ROUTE 35
   HOLMDEL, NEW JERSEY 07733

   **Signatures:**
   SHADAAN JAVAN
   AUTHORIZED REPRESENTATIVE

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my Official Seal 9th day of September, 2016

Ford M. Scudder
Acting State Treasurer

Certificate Number : 4020714415
Verify this certificate online at
https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.jsp

EXHIBIT C
PAGE 1

# CIVIL COVER SHEET

3-22CV2445-G

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOE HUNSINGER

**DEFENDANTS**
NATURAL POWER SOURCES LLC DBA SUNTUITY

(b) County of Residence of First Listed Plaintiff: DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant:
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED NOV - 2 2022 MS
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |  |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
|  | [ ] 345 Marine Product Liability |  | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  | **PERSONAL PROPERTY** / **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act |  | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage |  | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise |  | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) |
|  | [ ] 362 Personal Injury - Medical Malpractice |  | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act |  | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 |  |
| [ ] 290 All Other Real Property |  | **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 446 Amer. w/Disabilities - Other | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  |  | [ ] 550 Civil Rights |  |  |  |
|  | [ ] 448 Education | [ ] 555 Prison Condition |  |  |  |
|  |  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
227
Brief description of cause:
UNWANTED AND ILLEGAL CALLS

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 11-2-2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____